IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

XIAOHUA HUANG,

Plaintiff,

v.

NEPHOS INC.,

Defendant.

No. C 18-06654 WHA

**ORDER ON MOTION TO STRIKE**

## INTRODUCTION

In this patent infringement action, accused infringer moves to strike *pro se* patent owner's infringement contentions, to dismiss the instant action with prejudice, and for attorney's fees. To the extent stated below, accused infringer's motion is **GRANTED**.

## STATEMENT

A prior order has set forth the background of this case (Dkt. No. 55). In brief, *pro se* plaintiff Xiaohua Huang owns United States Patent Nos. 6,744,653 ("the '653 patent") and 6,999,331 ("the '331 patent"), which patents generally involve ternary content addressable memory ("TCAM") technology used in the semiconductor chip industry. According to plaintiff, the patents employ a TCAM design "using differential match line to achieve high speed and lower power consumption" (Dkt. No. 65-9 at 11). Plaintiff accuses defendant's chips of infringing those patents (Compl. ¶¶ 1, 8, 11).

Since December 2018, plaintiff has been advised by defendant's counsel multiple times that his infringement contentions were non-compliant with the patent local rules. The Court has twice warned plaintiff — including a prior order dated July 9 that struck his third set of contentions for various deficiencies and offered him one more chance to amend — that failure to serve proper contentions would likely result in dismissal of his action (Dkt. No. 55 at 9). Plaintiff timely served his fourth set of infringement contentions (Dkt. No. 59). According to this new set of contentions, plaintiff accuses defendant's "Aries MT3250 Family, Aries Hybrid ToR Switch, Taurus Family NP8360 Series, Taurus ToR and Fabrics Switch" products of infringing Claims 1, 5, 8, 12, 15, and 17 of the '653 patent and Claims 1 and 9 of the '331 patent (Dkt. No. 59-1 at 1, 7).

Defendant now moves to strike (for a second time) plaintiff's latest amended infringement contentions for failure to comply with Patent Local Rules 3-1(c)–(e), for dismissal with prejudice, and for an award of attorney's fees (Dkt. No. 65). This order follows full briefing and oral argument.

**ANALYSIS**

**1. PATENT LOCAL RULE 3-1 NONCOMPLIANCE.**

Defendant contends that plaintiff's fourth set of infringement contentions are still deficient under (1) Patent Local Rule 3-1(c) for failure to provide "chart[s] identifying specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality"; (2) Patent Local Rule 3-1(d) for failure to identify "any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement" for each asserted claim alleged to be indirectly infringed; and (3) Patent Local Rule 3-1(e) for failure to demonstrate "[w]hether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused Instrumentality" (Dkt. No. 65 at 1–2). *See* Patent L.R. 3-1(c)–(e). This order agrees.

"Patent Local Rule 3 requires patent disclosures early in a case and streamlines discovery by replacing the series of interrogatories that parties would likely have propounded without it." *Huawei Techs., Co, Ltd v. Samsung Elecs. Co, Ltd.*, 340 F. Supp. 3d 934, 945–46

(N.D. Cal. 2018) (quoting *ASUS Comput. Int'l v. Round Rock Research, LLC*, No. C 12-02099 JST (NC), 2014 WL 1463609, at *1 (N.D. Cal. Apr. 11, 2014) (Magistrate Judge Nathanael Cousins)). Patent Local Rule 3-1, which sets forth the requirements for disclosing asserted claims and preliminary infringement contentions, "require[s] the party claiming infringement to crystallize its theories of the case early in the litigation and to adhere to those theories once disclosed." *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1024 (N.D. Cal. 2010) (quoting *Bender v. Advanced Micro Devices, Inc.*, No. C 09-1149 MMC (EMC), 2010 WL 363341, at *1 (N.D. Cal. Feb. 1, 2010) (Judge Edward Chen)). Though a plaintiff need not supply evidence of infringement, "the degree of specificity under Local Rule 3-1 must be sufficient to provide reasonable notice to the defendant why the plaintiff believes it has a reasonable chance of proving infringement." *Id.* at 1025; *Creagri, Inc. v. Pinnaclife Inc., LLC*, No. C 11-06635 LHK (PSG), 2012 WL 5389775, at *3 (N.D. Cal. Nov. 2, 2012) (Magistrate Judge Paul Grewal).

### A. Claim Chart Deficiencies.

Patent Local Rule 3-1(c) requires plaintiff to provide "[a] chart identifying specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality."

This order finds that plaintiff's fourth set of infringement contentions under Patent Local Rule 3-1(c) are deficient for failure to provide the required limitation-by-limitation analysis. As before, the claim charts here for both patents-in-suit are still mainly self-referential. That is, they primarily consist of plaintiff's opinion about how a claim limitation relates to a figure in the specification. The chart for the first two limitations in Claim 1 of the '331 patent illustrates the problem as follows (Dkt. No. 65-9 at 16):

3

| | |
|---|---|
| (1) an array of TCAM cells arranged in a plurality of rows and a plurality of columns; | 

This claim section (1) read on the "CAM cell" symbol in FIG 1B of the 14.8 Mbit TCAM design used in **Aries MT3250 Family of Nephos Inc.** http://www.nephosinc.com/nps/products/ |
| (2) a plurality of match lines, one match line for each row of TCAM cells and operatively coupled to a plurality of output transistors for the TCAM cells in each row; a plurality of dummy lines, one dummy line for each row of TCAM cells and operatively coupled to a plurality of dummy transistors for the TCAM cells in each row; | TCAM used in **"Aries MT3250 Family of Nephos Inc."** use "differential match line sensing design" as shown in FIG. B of US patent 6,999,331.



This claim section (2) read on the "match" and "dummy" line in FIG 1B of the 14.8 Mbit TCAM design used in **Aries MT3250 Family of Nephos Inc.** http://www.nephosinc.com/nps/products/ |

Construing the contentions liberally, plaintiff merely opines for the first claim limitation that it generally "read[s] on the 'CAM cell' symbol" in Figure 1B, which corresponding feature exists somewhere in "the 14.8 Mbit TCAM design used in" the accused product. Plaintiff

4

then punctuates the analysis with a link to defendants' website, which link contains only high-level information about the four accused products. Same goes for the second claim limitation — amd .

Nowhere — not in the claim charts or elsewhere in the infringement contentions — does plaintiff tie any specific feature of an accused product to the claim language. As defendants point out, plaintiff bases his infringement contentions on the following general features allegedly found within all four of defendants' products: (1) "differential match line sensing" (or "differential"); (2) "voltage swing" (or "swing"); (3) "five Megabits" (or "Megabits" or "MB"); (4) "more than 1 Ghz" (or "Gigahertz" or "Ghz"); and (5) "1K x 160 bits" (Dkt. Nos. 65-9 at 3–4; 72 at 4). Yet the claim charts hardly mention any of those features within the context of the accused products. Nor do they point to any useful website or document, or give any meaningful analysis of defendant's products *as they specifically relate to the claim limitations*.

We have been down this road before. A prior order dated July 9 struck plaintiff's third set of contentions (Dkt. No. 55). As relevant here, that order specifically noted that the then-claim charts were deficient because they failed to cite a "single reference to defendant's documents or website" or give a "specific analysis of the accused products tying specific features to the claim language" (*id*. at 3). Here, as with his prior infringement contentions, plaintiff's claim charts "merely describe the claims themselves and certain general features of the accused products . . . with no serious attempt to explain how they read on anything specifically in the accused product" (*id*. at 5).

Plaintiff responds by again attacking defendant for allegedly bringing the instant motion in bad faith in order to "delay the case and increase" his "cost to reply" and defendant's alleged concealment of its investors "to cheat [him], the Court, Amazon.com Inc. and [the] US government" (Dkt. No. 70 at 1, 6–8). As to the actual merits, plaintiff argues that his disclosure under Patent Local Rule 3-1(b) offers product information copied from defendant's website (*id*. at 8–10) and that his claim charts "summarized" how each of Figures 1B, 2E, 8B, 8C, 9A, and 9B found within both specifications of the patents-in-suit is "read

by" the asserted claims (*id*. at 10). He again fixates on his prior meeting and email exchange with an engineer from MediaTek (defendant's predecessor company) in which defendant allegedly disclosed certain features of all four accused products (*ibid*.). Plaintiff then generally ties certain features to certain *figures* within the specifications. Specifically, plaintiff's own pitch of his claim charts is as follows (*id*. at 11):

> The main idea is that: the ACL function of Aries MT3250 Family of Nephos Inc. uses TCAM designed by MediaTek, the TCAM designed by MediaTek uses and contains the content of FIG.1B, FIG.2E ,FIG.7, 8B,FIG.8C, FIG.9A and FIG.9B. of US patent 6744654 and 6999331 as stated in 3-1(b) and 3-1(c), if claim 1 read any of FIG.1B, FIG.2E ,FIG.7, 8B,FIG.8C, FIG.9A and FIG.9B. of US patent 6744654 and 6999331, then claim1 read the TCAM used in Aries MT3250 Family of Nephos Inc. So the claim chart focus on explaining **HOW** the claim 1 of US patent 6999331 read FIG.1B, FIG.2E ,FIG.7, 8B,FIG.8C, FIG.9A and FIG.9B. of US patent 6999331 since the TCAM used in Aries MT3250 Family of Nephos Inc. contains the content of FIG.2E ,FIG.7, 8B,FIG.8C, FIG.9A and FIG.9B. of US patent 6999331, so claim1 read FIG.2E ,FIG.7, 8B,FIG.8C, FIG.9A and FIG.9B. of US patent 6999331,then claim 1 read the TCAM used in the Aries MT3250 Family of Nephos Inc, then the claim 1 read the Aries MT3250 Family of Nephos Inc. The TCAM used in the Aries MT3250 Family of Nephos Inc. is **WHERE**.

But Patent Local Rule 3-1(c) requires him to "identify[] *specifically* where and how *each* limitation of *each* asserted claim is found within *each* Accused Instrumentality." Patent L.R. 3-1(c) (emphasis added). To repeat, that means that plaintiff must specifically tie the asserted claim language to some feature within the accused product. Plaintiff's general assertion that the claims (and the alleged corresponding figures in the specifications) again fails to satisfy his "obligation to identify the particular claim components in each claim [and] map those components onto the features of the allegedly infringing products." *Finjan, Inc. v. Check Point Software Techs.*, Inc., No. C 18-02621 WHO, 2019 WL 955000, at *6 (N.D. Cal. Feb. 27, 2019) (citing *Shared Memory Graphics*, 821 F. Supp. 2d at 1025).

### B. Generic Indirect Infringement Theory.

The fourth set of infringement contentions also fail as to plaintiff's allegation of indirect infringement. Under Patent Local Rule 3-1(d), plaintiff must disclose for each claim "any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement." Plaintiff's contentions, however, merely states as follows (Dkt. No. 65-9 at 105):

6

> The claim 1, 5, 8,12,15 and 17 of US Patent No.6744653 and Claim 1 and 9
> of US Patent No.6999331 are directly infringed by the Chips of Nephos Inc.
> including Aries MT3250 Family, Aries Hybrid ToR Switch, Taurus Family
> NP8360 Series, Taurus ToR and Fabrics Switch. Since the claims are
> infringed by TCAM used in the chips, and the TCAM function are [*sic*]
> always used by the Switches which using the chips ,so [*sic*] the chips of
> Nephos Inc. induced the parties, such as Amazon, which using the Chips of
> Nephos Inc. to infringe the US patent No. 6744653 and 6999331, which
> contribute to or are inducing that indirect infringement.

A "general assertion of the elements of indirect infringement is plainly insufficient." *Blue Spike, LLC v. Adobe Sys., Inc.*, No. C 14-01647 YGR (JSC), 2015 WL 335842, at *7 (N.D. Cal. Jan. 26, 2015) (Magistrate Judge Jacqueline Corley) (citing *France Telecom, S.A. v. Marvell Semiconductor, Inc.*, No. C 12-04967 WHA (NC), 2013 WL 1878912, at *5 (N.D. Cal. May 3, 2013) (Magistrate Judge Nathanael Cousins)). "[B]oilerplate language that simply claims an accused infringer provided instructions on, advertised, or promoted the use of an accused product, without describing which instructions, advertisements, or promotions led to what infringing behavior, does not suffice under PLR 3-1(d)." *Comcast Cable Commc'ns, LLC v. OpenTV, Inc.*, No. C 16-06180 WHA, 2017 WL 2630088, at *5 (N.D. Cal. June 19, 2017) (citing *France Telecom*, 2013 WL 1878912, at *5).

Here, plaintiff includes Amazon as an example of an "induced party." Otherwise, his current disclosure under Patent Local Rule 3-1(d) remains the same as the disclosure previously stricken in the order dated July 9 (*see* Dkt. No. 55 at 7). As before, this disclosure offers only boilerplate language and fails to specify any act committed by defendant and thus again fails to comply with Patent Local Rule 3-1(d).

### C. Placeholder Assertions re Doctrine of Equivalents.

Plaintiff's disclosures of infringement under the doctrine of equivalents also fail to comply with Patent Local Rule 3-1(e), which requires plaintiff to disclose "[w]hether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents." He first discloses that "[e]ach limitation of the asserted claim[s] . . . are literally infringed by the" accused products (Dkt. No. 65-9 at 105). He next provides that (*id.* at 106 (emphasis added)):

> Even the TCAM designed and used in Nephos Inc. *in the future are* [*sic*]
> *changed* to some extension, it has to use the differential match line sensing

> because the chips now designed in Nephos are below 7nm process, the voltage supply is less than 0.6voltage, without using the differential match line sensing, the noise is comparable to the signal, which is completely not working. To achieve high speed and low power, differential match line small voltage swing sensing is the only choice. Use [of] the differential match line small voltage swing sensing to achieve high speed and low power TCAM result is using the same way (method )to achieve the same result with the US patent 6744653 and 6999331. For the senior TCAM designer any variation of differential match line sensing with small voltage swing to achieve low power is obvious to what US patent 6744653 and 6999331 taught, so any change on the design taught in US patent 6744653 and 6999331 fall[s] into the infringement of Doctrine of equivalence [*sic*].

As defendant points out, this disclosure relates to defendants' *future* products, not the *presently* accused products (and thus implicitly concedes that the accused products only literally infringe). Further, while the disclosure only makes a blanket assertion that if any changes are made, the infringement must fall under the doctrine of equivalents, "[t]he Patent Local Rules require a limitation-by-limitation analysis." *Rambus Inc. v. Hynix Semiconductor Inc.*, No. C-05-00334 RMW, 2008 WL 5411564, at *3 (N.D. Cal. Dec. 29, 2008) (Judge Ronald Whyte). Plaintiff's current disclosure thus effectively amounts to improper generic "placeholder" language and is thus insufficient under Patent Local Rule 3-1(e). *See Finjan, Inc. v. Proofpoint, Inc.*, No. C 13-05808 HSG, 2015 WL 1517920, at *10 (N.D. Cal. Apr. 2, 2015) (Judge Haywood Gilliam, Jr.).

### 2. DISMISSAL WITH PREJUDICE.

Defendant again seeks to strike plaintiff's deficient revised infringement contentions, to dismiss the instant action with prejudice for plaintiff's failure to prove his case, and an award of attorney's fees in connection with bringing both motions to strike as a sanction against plaintiff for his conduct.

"Striking a patentee's infringement contentions is a severe sanction that should be used sparingly and only for good cause." *Proofpoint*, 2015 WL 1517920 at *12. The prior order has already recounted the numerous chances plaintiff has been given to comply with Patent Local Rule 3-1 and plaintiff's "troubling" litigation history, both in this case and in prior cases (Dkt. No. 55 at 2, 8–9, 12–13).

In brief, since December 2018, defendant has advised plaintiff of the deficiencies in his infringement contentions. In March 2019, the Court explicitly warned plaintiff that failure

to comply with the patent local rules could result in the dismissal of his case (Dkt. No. 41 at 9:14–20). And, the prior order striking plaintiff's third set of infringement contentions clearly warned him that "the Court w[ould] likely dismiss the instant action possibly with prejudice and may well consider a motion for attorney's fees and costs by defendants" if plaintiff failed to file and serve "*proper* infringement contentions" (Dkt. No. 55 at 13). After multiple wasted chances (despite repeated guidance from the Court) and nearly a year since he filed the instant action, plaintiff still has yet to "crystallize" his infringement theory. *See Shared Memory Graphics*, 812 F. Supp. 2d at 1024. This drawn-out litigation history demonstrates that plaintiff will not remedy the identified deficiencies going forward. Good cause thus exists here. Accordingly, defendant's motion to strike plaintiff's infringement contentions is **GRANTED** and the case is **DISMISSED WITH PREJUDICE**. In light of plaintiff's *pro se* status and the unlikelihood that plaintiff currently has sufficient funds, however, defendant's request for attorney's fees is **DENIED** for now without prejudice to renewal after any appeal and affirmance.

## CONCLUSION

To the foregoing extent, defendant's motion to strike is **GRANTED** and the instant action is **DISMISSED WITH PREJUDICE**. Judgment will follow.

**IT IS SO ORDERED.**

Dated: November 12, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

9